**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Dale E. Richards,

    Plaintiff,

v.

Case No. 2:12–cv–748

Carolyn W. Colvin,
Acting Commissioner of the
Social Security Administration,

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

    Defendant.

## OPINION AND ORDER

The Magistrate Judge issued a Report and Recommendation ("R&R") in this Social Security case recommending the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. R&R 32, ECF No. 15. Plaintiff timely objected to the R&R. Obj., ECF No. 16. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **AFFIRMS** the decision of the Commissioner.

### I.    INTRODUCTION

The R&R recommends affirming the Commissioner's decision because the Magistrate Judge found that substantial evidence supported the Administrative Law Judge's ("ALJ") decision and that no reversible error was committed. R&R 23, ECF No. 15. Plaintiff does not make specific objections to the law or analysis in the R&R but rather objects generally to the recommendations, repeating the same arguments made in the Statement of Errors. Obj. 3, ECF No.

16; Statement of Errors, ECF No. 13. A full statement of facts is present in the R&R and will be noted when necessary.[1] R&R 1–19, ECF No. 15.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), when a party timely objects to an R&R on a dispositive matter, the district judge reviews *de novo* any portion to which a proper objection was made. The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The Court must affirm the ALJ's decision if it was made pursuant to proper legal standards and is supported by substantial evidence. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citations omitted). Even if substantial evidence exists in support of the opposite conclusion, the Court must still affirm the Commissioner's decision. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Court refrains from weighing evidence or making credibility determinations upon review. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

## III. ANALYSIS

---

[1] Neither party objected to the statement of facts in the R&R.

Plaintiff objects to the R&R on four separate grounds: (1) the ALJ failed to fully account for Dr. Swain's report in the ALJ's mental Residual Function Capacity ("RFC") calculation; (2) the ALJ erred in finding the kidney stones non-severe and failed to consider them at all; (3) the ALJ failed to properly assess Plaintiff's credibility; and (4) the ALJ erred in asking the Vocational Expert ("VE") only one question, which did not include all of Plaintiff's limitations.

A. The ALJ's mental RFC is not deficient as a matter of law because the ALJ relied on substantial evidence in formulating Plaintiff's RFC.

Plaintiff contends that the ALJ's mental RFC is deficient as a matter of law because the ALJ failed to account for and/or build upon the findings made by Dr. Swain. Obj. 2, ECF No. 16.

On May 22, 2009, Dr. Swain reviewed Plaintiff's mental condition on behalf of the state agency. Dr. Swain found that Plaintiff has moderate difficulties in the following: maintaining concentration, persistence or pace; carrying out detailed instructions; understanding and remembering detailed instructions; maintaining attention or concentration for extended periods of time; responding appropriately to criticism; and responding to changes in work setting (collectively the "moderate difficulties"). R. 744–49, ECF No. 10-9. Dr. Swain also found that Plaintiff had a limited ability to tolerate stress and was preoccupied with physical limitations and perceived pain. *Id.* Further, she noted that Plaintiff suffers from depressive and anxiety disorders and that Plaintiff has mild limitations in daily living and social functioning. *Id.* at 737–739. Based on these findings, Dr. Swain determined

Plaintiff was capable of completing some moderately complex tasks with relatively static duties, but without strict production standards. *Id.* at 750. This determination constituted Dr. Swain's mental RFC for Plaintiff. On August 12, 2009, Dr. Haskins, also from the state agency, reviewed and affirmed Dr. Swain's assessment. R. 817, ECF No. 10-9.

The ALJ reviewed Dr. Swain's RFC calculation and found the calculation well supported by the record. R. 16, ECF No. 10-2. The ALJ thereafter adopted Dr. Swain's RFC calculation verbatim as Plaintiff's mental RFC. *Id.* at 14. After the ALJ adopted Dr. Swain's RFC calculation, the ALJ incorporated the RFC into the hypothetical posed to the VE, without specifically mentioning any of the moderate difficulties that Dr. Swain noted. *Id.* at 52.

An RFC is "the most a [claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.154(a)(1), 416.945(a)(1). It is the ALJ's responsibility to evaluate "the medical evidence and the claimant's testimony to form an assessment of [the claimant's] residual functional capacity." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (citing 20 C.F.R. § 416.920(a)(4)(iv)). In doing so, the ALJ does not commit error by relying on the opinion of a doctor who has considered all the issues and factored them into their findings. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010).

In *Coldiron*, an ALJ relied on the RFCs provided by multiple physicians. 391 F. App'x at 443. The plaintiff argued that the ALJ failed to account for the plaintiff's obesity because the ALJ did not explicitly factor it into his RFC

calculation. *Id.* The Sixth Circuit rejected this argument because the doctors who provided RFCs for the ALJ's review had already considered the plaintiff's obesity and factored it into their RFCs. *Id.* The court concluded that by relying on the RFC of doctors who considered the plaintiff's obesity, the ALJ's RFC calculation necessarily also took obesity into account. *Id.* at 443-44.

Similar reasoning provides a similar conclusion in this case. Dr. Swain crafted a mental RFC calculation after reviewing all of Plaintiff's symptoms and difficulties, but the RFC included only those that actually limited Plaintiff. R. 750, ECF No. 10-9. As the Magistrate Judge reasoned, Dr. Swain noted that Plaintiff had moderate difficulties, but Dr. Swain calculated Plaintiff's RFC with these moderate difficulties in mind and did not believe a more restrictive RFC was necessary. R&R 25, ECF No. 15. The ALJ then reviewed the entire record and stated that Dr. Swain's RFC calculation was well reasoned and consistent with the record.[2] R. 14–16, ECF No. 10-2. Because the ALJ adopted Dr. Swain's RFC calculation verbatim, this necessarily means that the ALJ also considered the moderate difficulties and found that they did not limit Plaintiff.

Although Plaintiff insists that Dr. Swain's findings of moderate difficulties should have been reflected in the ALJ's RFC calculation such that the ALJ's RFC calculation would be more restrictive than Dr. Swain's, the moderate difficulties noted by Dr. Swain were already factored into Dr. Swain's RFC calculation.

---

[2] The ALJ specifically noted the moderate difficulties in step two. R. 12, ECF No. 10-2. Therefore, his RFC calculation, which considered all the evidence, also considered the moderate difficulties noted by Dr. Swain.

Because Plaintiff does not argue that Dr. Swain's RFC calculation was deficient in any way, the substantial evidence standard precludes a finding of error in the ALJ's adoption of Dr. Swain's RFC calculation. In other words, if Dr. Swain's RFC calculation was proper, and Plaintiff does not argue otherwise, then the ALJ committed no error adopting that RFC calculation. This is so even if the evidence could also have supported a more restricted RFC calculation. Colvin, 475 F.3d at 730. The ALJ committed no error in either formulating the mental RFC or incorporating it into the hypothetical question posed to the VE because the ALJ relied on substantial evidence, namely, the RFC of Dr. Swain that considered the moderate difficulties and was later affirmed by Dr. Haskins. Accordingly, Plaintiff's objection that the ALJ's RFC calculation failed to take into consideration the moderate difficulties is without merit.

B. The ALJ did not err in concluding that Plaintiff's kidney stones were not a severe impairment.

Plaintiff next contends that the ALJ erred in concluding that Plaintiff's kidney stones were not a severe impairment at step two of the analysis and alternatively, that the ALJ failed to consider kidney stones when the RFC was calculated at step four. Obj. 2, ECF No. 16.

Plaintiff has no documented issues with kidney stones since a removal procedure in 2007. Nevertheless, Plaintiff testified to the ALJ that he had passed fifty to sixty kidney stones in the three years prior to his November 2010 hearing.

There is no medical evidence supporting those claims, and the ALJ did not find the Plaintiff's claims of passing the kidney stones credible. R. 14, ECF No. 10-2.

"When an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does not constitute reversible error." *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (quoting *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987)). The ALJ must consider the limiting effects of all of the claimant's impairments, even those that are not severe, in determining the claimant's RFC. 20 C.F.R. § 404.1545(e). The ALJ's credibility assessment is given great weight and deference but must be supported by substantial evidence. *Infantado v. Astrue*, 263 F. App'x 469, 475 (6th Cir. 2008);

The R&R found that the ALJ considered the kidney stones at steps two and four. Specifically, the ALJ discussed the kidney stones at step two and considered them non-severe. He further stated he considered the entire record before calculating the RFC at step four. R&R 27, ECF 15. Plaintiff does not object to these findings on a factual or legal basis but rather argues that his kidney stone issues in 2007 and his testimony should have constituted evidence of a severe impairment. Obj. 2, ECF No. 16.

There is no doubt that the Plaintiff had severe issues with kidney stones in 2007, but the medical record does not support Plaintiff's complaint that these problems were ongoing or severe through 2010. Because of the complete lack

of medical evidence in 2008 and 2009 concerning Plaintiff's kidney stones, the ALJ appropriately discounted Plaintiff's complaints and did not err in finding the kidney stones non-severe at step two. Nor did the ALJ fail to consider Plaintiff's kidney stones at step four. As articulated by the Magistrate Judge, the ALJ discussed and dismissed Plaintiff's complaints of kidney stones at step two as neither credible nor severe. The R&R correctly found that the ALJ relied on substantial evidence in finding the kidney stones non-severe and not credible, and Plaintiff has advanced no medical evidence that contradicts this finding.[3] R&R 27, ECF 15. Therefore, Plaintiff's contention that the ALJ failed to consider the kidney stones or failed in considering them non-severe is overruled.

## C. The ALJ did not err in finding that the Plaintiff's subjective complaints of pain were not credible.

Plaintiff next objects to the ALJ's determination that Plaintiff was not credible, relying on a restatement of the facts presented in his Statement of Errors. Obj. 5–6, ECF No. 16. Plaintiff asserts that his testimony of taking prescription drugs and the treatment notes from pain care specialists corroborate his subjective complaints of pain. *Id.*

Because the ALJ was able to observe the witness, the ALJ's credibility assessment is given great weight and deference. *Infantado*, 263 F. App'x at 475. This deference must be supported by substantial evidence and be based on consideration of the entire record. *Id.* Even if substantial evidence exists in

---

[3] The R&R noted that Plaintiff never sought treatment for kidney stones between 2008 and 2010 and did not complain to a single reviewing physician that these problems were ongoing. R&R 28, ECF No. 15.

support of the opposite conclusion, the Court must still affirm the Commissioner's decision. *Colvin* 475 F.3d at 730. Discounting a witness is appropriate where the ALJ gives a sufficient explanation and there are inconsistencies among the medical records, testimony, or other evidence. *Rogers* 486 F.3d at 248.

The R&R denied this error because the ALJ relied on sufficient evidence that contradicted Plaintiff's subjective complaints of pain, citing to specific examples in the record of contradictions between Plaintiff's testimony and the medical evidence. R&R 41, ECF No. 15.

As Plaintiff suggests, some evidence supported his subjective complaints of pain, but evidence also existed contradicting Plaintiff's complaints. There is a notable lack of evidence that medically supports Plaintiff's claim that his chronic pain limits his ability to return to work. For example, Plaintiff's use of prescription drugs was inconsistent with the medical record. R. 38, 477, ECF Nos. 10-2, 10-7. Moreover, Dr. Kerner opined that Plaintiff appeared ready to return to work because his pain was under control. R. 642, ECF No. 10-9. Further, Dr. Cruz found Plaintiff credible, but in adopting Dr. Cruz's RFC, the ALJ actually placed more restrictions on Plaintiff than Dr. Cruz.[4] R. 16, 781–84, ECF Nos. 10-2, 10-9. Last, Plaintiff cites his history with the Ohio Worker's Compensation program[5]

---

[4] This is important because as noted in the R&R, even the Doctor who found Plaintiff's complaints of pain credible imposed fewer restrictions than did the ALJ. Plaintiff has failed to show how reversing the credibility finding would change the RFC calculation made by the ALJ.

[5] It is not clear from the Objection why Plaintiff cites his Worker's Compensation history or why this evidence changes the credibility finding.

but even one of the experts in that program said no physical barriers limited his ability to return to work. R. 339, ECF No. 10-7.

Based on substantial evidence, the ALJ determined that Plaintiff's complaints of pain were inconsistent with the record because his doctors opined that he could return to work. Because the ALJ's credibility determination with respect to Plaintiff's complaints of pain was supported by substantial evidence, the Court will not disturb those findings.

## D. The ALJ did not err in either the content or the number of hypotheticals posed to the VE.

Last, Plaintiff objects to the R&R on the basis that the ALJ failed to provide proper hypotheticals to the VE. Obj. 5, ECF No. 16. Plaintiff states that the ALJ erred by omitting from the question a sit/stand option and some of the moderate difficulties noted by Dr. Swain. *Id.* Plaintiff also states that asking only one question constitutes error. *Id.*

The questioning of a VE takes place during the fifth step in a disability determination and considers how the claimant would adjust to other work based on the RFC found at step four and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A VE need only consider plaintiff's limitations. *Webb*, 368 F.3d at 633. The ALJ is only required to incorporate credible limitations into the hypotheticals. *Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 437 (6th Cir. 2010).

The ALJ asked the VE only one hypothetical about a hypothetical person with Plaintiff's education and work experience who could sit no more than six hours and walk or stand no more than two hours in an eight hour day. R. 52, ECF 10-2. The ALJ clarified that this hypothetical person could handle moderately complex tasks but not highly complex tasks. *Id.* The ALJ refined the question by asking the VE to assume the person's duties must be relatively static and cannot require strict production quotas. *Id.* The mental aspect of the question mirrors the mental RFC calculated by the ALJ. After the ALJ finished interviewing the VE, Plaintiff asked the VE about a sit/stand option and the VE stated it would reduce the number of jobs in the market by half. R. 54, ECF 10-2. The VE further stated on cross that a hypothetical person would have trouble holding a job if the individual were off task more than 15% of the time or if the person was required to miss work more than once a month. *Id.* at 56.

Plaintiff makes no factual or legal argument to support his claim that a sit/stand option was necessary and—as found in the R&R—no medical evidence supports the claim that Plaintiff requires a sit/stand option to be able to work.

Concerning the sit/stand option, there is no medical evidence that makes a sit/stand option a credible limitation, and therefore, the ALJ was not required to incorporate it into the hypothetical. In regards to the mental difficulties, the ALJ

was not required to incorporate the moderate difficulties noted by Dr. Swain that did not affect the Plaintiff's RFC. See discussion *supra* pp. 2–4.[6]

## IV. DISPOSITION

In sum, Plaintiff has failed to show any errors in either the law or the application of the undisputed facts to the applicable law. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R, ECF No. 15.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**

---

[6] Plaintiff states that his objection to the VE's testimony is based on the same statement of error in Part 1.